IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PETER LUESSEN, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE |
| | NO. _____ |
| RUBIN & DEBSKI, P.A., | |
| a Florida professional association, | |
| Defendant. | |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant RUBIN & DEBSKI, P.A. is a professional association formed under the laws of the State of Florida with its principal place of business in Florida. [Hereinafter, said Defendant is referred to as "R&D"].

5. R&D transacts business in this state.

6. R&D's transactions in this state give rise to the Plaintiff's cause of action.

7. R&D is subject to the jurisdiction and venue of this Court.

8. R&D may be served by personal service upon its registered agent in the State of Florida, to wit: Michael T. Debski, 4417 Beach Boulevard, Suite 400, Jacksonville, Florida 32207, or wherever said agent may be found.

9. Alternatively, R&D may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia and Florida.

## FACTS COMMON TO ALL CAUSES

10. R&D uses the mails in its business.

11. R&D uses telephone communications in its business.

12. The principle purpose of R&D's business is the collection of debts.

13. R&D regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

14. R&D is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a creditor, R&D has violated the Federal Fair Debt Collection Practices Act.

16. R&D attempted to collect from Plaintiff an alleged credit card obligation.

17. The alleged debt was incurred primarily for personal, family and household purposes.

18. R&D alleged that the debt consisted of personal, family and household credit card charges such as charges for healthcare services, pharmacy costs, gasoline, food, personal entertainment such as movie rentals, and other household purchases from retailers such as Target.

19. On December 10, 2009, R&D filed a civil action against Mr. Luessen in an attempt to collect this debt. [Hereinafter, said civil action is referred to as the "COLLECTION ACTION."]

20. In the COLLECTION ACTION, R&D specifically requested the recovery of attorneys fees.

21. The Georgia statute generally applied for the collection of attorney fees in debt collection litigation is O.C.G.A. § 13-1-11.

22. This statute provides a condition precedent to the enforcement of the obligation to pay attorneys fees.

23. This statute provides

> The holder of the note or other evidence of indebtedness or his or her attorney at law shall, after maturity of the obligation, notify in writing the maker, endorser, or party sought to be held on said obligation that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced and that such maker, endorser, or party sought to be held on said obligation has ten days from the receipt of such notice to

       pay the principal and interest without the attorney's fees. If the maker, endorser, or party sought to be held on any such obligation shall pay the principal and interest in full before the expiration of such time, then the obligation to pay the attorney's fees shall be void and no court shall enforce the agreement. The refusal of a debtor to accept delivery of the notice specified in this paragraph shall be the equivalent of such notice.

O.C.G.A. § 13-1-11(a)(3).

24. This statute states that unless a specific percentage (capped at fifteen percent {15%}) is specified in the governing agreement, that reasonable attorney's fees "shall be construed to mean 15 percent of the first $500.00 of principal and interest owing on such note or other evidence of indebtedness and 10 percent of the amount of principal and interest owing thereon in excess of $500.00[.]" O.C.G.A. § 13-1-11(a)(2).

25. In the COLLECTION ACTION, R&D specifically requested attorney fees calculated under the statutory language quoted in the preceding paragraph.

26. R&D claimed that the unpaid balance due and owing is $23,264.45.

27. Since the filing of the COLLECTION ACTION, R&D has continued its efforts to collect attorney fees.

28. R&D urged in the COLLECTION ACTION that "[i]n addition to the principal, Defendant [Luessen] is indebted to [creditor] for contractual reasonable attorney's fees in the amount of $2,351.45."

29. R&D falsely stated in the COLLECTION ACTION that "[n]otice of Plaintiff's intent to enforce the contractual attorney's fees provision was given by service of Plaintiff's Complaint."

30. The complaint which R&D had served upon Mr. Luessen did not contain the notice required by Georgia statute. O.C.G.A. § 13-1-11(a)(3).

31. The only references to attorney fees in the Complaint where in the following three sentences:

> Plaintiff [i.e., the alleged creditor] is obligated to pay its attorneys a reasonable fee for their services. The Agreement provides for the recovery of attorney fees.
>
> WHEREFORE, Plaintiff [i.e., the alleged creditor] demands judgment against defendant [Luessen] for the sum of $19,491.10, and interest, costs and attorney fees.

32. The references to attorney fees in the COLLECTION ACTION complaint were insufficient under O.C.G.A. § 13-1-11.

33. At no other time has R&D, nor anyone else on behalf of the alleged creditor, given Mr. Luessen the notice contemplated by O.C.G.A. § 13-1-11.

34. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

35. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

36. Defendant's violations of the FDCPA include, but are not limited to, the following:

37. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

38. The use of any false representation of the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A); and

39. The attempt to collect any amount that is not legally due and owing, in violation of 15 U.S.C. § 1692f(1).

40. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

**SKAAR & FEAGLE, LLP**

by:  /s/ Kris Skaar
Kris Skaar
Georgia Bar No. 649610
krisskaar@aol.com
Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
P.O. Box 1478
331 Washington Ave.
Marietta, GA 30061-1478
770 / 427-5600
404 / 601-1855 fax


James M. Feagle
Georgia Bar No. 256916
jimfeagle@aol.com
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax